In the Matter of the Proceeding, under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossing at Grade of the Railroad Operated by the NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant, and Seneca Turnpike (Wampsville-Oneida Castle State Highway No. 5078), Located about 350 Feet Southerly of Castle Station in City of Oneida, Madison County, New York. (Case No. 4628.)

PUBLIC SERVICE COMMISSION and Another, Respondents.

In the Matter of the Proceeding, under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossing at Grade of the Railroad Operated by NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant, and Morrisville-Bouckville State Highway No. 5330, Located about 90 Feet North of Morrisville Station in the Town of Eaton, Madison County. (Case No. 4630.)

PUBLIC SERVICE COMMISSION and Another, Respondents.

Third Department, May 6, 1932.

*C. L. Andrus* [*Elbert N. Oakes,* of counsel], for the appellant, in favor of motions.

*Charles G. Blakeslee* [*Sherman C. Ward* of counsel], for the Public Service Commission in opposition to motions.

HILL, J. Two motions have been made to stay the arguments of appeals from orders eliminating grade crossings, pending the consideration by the Commission of the railroad's application for rehearings.

The orders appealed from were made in 1929 and directed the elimination of two railroad crossings on defendant's line between Randallsville and Oswego, one near Morrisville Station on the Cherry Valley turnpike, the other at Oneida Castle on the main highway from Albany through Utica and Syracuse to the west. The amount of traffic on these highways is unquestioned. The railroad asks for the rehearing to the end that consideration be given to the decreasing train movements at the crossings and the increasing money deficit arising from railroad operations. It appears from the motion papers that the train service has been reduced more than one-half since the orders were made and that now there are only six train movements in twenty-four hours at the Oneida Castle crossing, and five in twenty-four hours at the Morrisville Station crossing.

This court recognizes the limited extent of its " powers of review " in these matters, and that the Public Service Commission is to determine all engineering problems and probably all questions of necessity, including the wisdom of the expenditure of public and railroad money. (*People ex rel. N. Y. & Queens Gas Co.* v. *McCall,* 219 N. Y. 84; *Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 id. 320.) We may examine to ascertain if there has been compliance with the statute and, in the exercise of discretion, grant rehearings if the determination by the Commission seems to be arbitrary or capricious.

Mr. Justice HOLMES in discussing the powers of the Commission in New Jersey under statutes quite similar to our own, stated, " That the States might be so foolish as to kill a goose that lays golden eggs for them, has no bearing on their constitutional rights. If it reasonably can be said that safety requires the change, it is for them to say whether they will insist upon it, and neither prospective bankruptcy nor engagement in interstate commerce can take away this fundamental right of the sovereign of the soil." (*Erie R. R.*

*Co.* v. *Public Utility Commissioners,* 254 U. S. 394, 410.) Thus our Commission, in the exercise of its administrative and *quasi* judicial powers, is not required as matter of law to consider the amount of red ink used on the balance sheets of the railroad company. However, in the wise exercise of its discretionary power, it should give consideration, as it doubtless does, to the need for railroad facilities in rural communities; as the law of economics will make it impossible continuously to operate railroads at a loss and as each expenditure for a crossing elimination will increase the fixed interest charges of the railroad, eliminations involving expenditures running into six figures should not be made where the danger can be substantially eliminated by agreement as to the manner of operation. Highways cannot be made absolutely safe. Intersecting motor highways present a greater peril than a railroad crossing at grade where trains are run slowly and infrequently. Apparently some vestige of power still remains in the courts to review the determination of the Commission as to the necessity for the elimination; Justice Holmes says in the above-cited opinion (p. 412): "If we could see that the evidence plainly did not warrant a finding that the particular crossings were dangerous, there might be room for the argument that the order was so unreasonable as to be void."

It must be obvious that when the last dollar derived from the $300,000,000 bond issue for grade crossings has been expended, there still will remain many crossings at grade in this State. Thus, unless it is to be assumed that more hundreds of millions will be made available for the work, the problem of the Commission is selective and the relative degree of danger between hundreds of crossings should be considered, as in the present state of public and private finances, an approval of additional bond issues hardly seems probable, and every effort should be made to obviate the necessity.

The traffic at the crossings under consideration is not greater than on numberless private spur tracks which cross city streets to serve large manufacturing plants. It is infinitesimal as compared with the trains which have been moved along streets of New York city each day for eighty years under the restriction contained in the "Horseback Ordinance." (Proceedings of the Board of Aldermen, City of New York, 1850, pp. 466, 467, fol. 18.) This ordinance limits the speed of trains to six miles per hour. Negotiations between the Public Service Commission and the railroad might result in devising a plan that would obviate the necessity of expending more than $200,000 for the eliminations ordered. No good purpose would be served to hold formal or perfunctory

rehearings in these proceedings, but something might be accomplished through negotiation.

The motions for stays are granted pending negotiations in the premises. Upon being advised by the attorneys for either party that further negotiations will be barren of results, the stays will be dissolved and this court will then take up for decision the Morrisville Station crossing case, which has been argued.

All concur.

Motion for stays granted as indicated in opinion.